IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ISOKE N. JENKINS-DYER, )
 )
         Plaintiff, )
 ) CIVIL ACTION
v. )
 ) No. 13-2489-JAR-DJW
ANITA L. DRAYTON, et al., )
 )
         Defendants. )
_____)

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's pro se Motion For Leave To File Plaintiff's Second Amended Complaint (ECF No. 37). Plaintiff seeks to amend her complaint to state with more particularity her allegations against Defendant ExxonMobil Corporation under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), and to add as a party defendant Douglas F. Garrison, ExxonMobil Employee Benefits Plan Administrator. For reasons stated below, the Court grants Plaintiff's motion.

**I.    Background Information**

On July 19, 2013, Plaintiff filed her petition pro se in the District Court of Wyandotte County, Kansas. She names two defendants, Anita L. Drayton and ExxonMobil Corporation, against whom she alleges intentional torts arising out of Defendants' allegedly wrongful withholding of proceeds of an employee benefit plan.[1] Plaintiff's petition does not set out

---

[1]ECF No. 7.

1

separate causes of action against each Defendant and it makes no mention of ERISA.[2] On September 18, 2013, ExxonMobil filed a notice of removal, asserting that this Court has jurisdiction over Plaintiff's claims because the petition alleges a cause of action under ERISA.[3] Both Defendants sought an extension of time to answer or otherwise respond to the petition, and before the new deadline Defendants filed separate motions to dismiss under Federal Rule of Civil Procedure 12(b).[4] Plaintiff then moved to amend her complaint to set forth separate counts against each Defendant and to state two ERISA claims against ExxonMobil.[5] One month later Plaintiff filed a motion for summary judgment.[6] Before the Court ruled on the motions, Plaintiff filed a second motion for leave to amend.[7] In her second motion, Plaintiff repeats the amended allegations from her first motion and also seeks to add another defendant, Douglas F. Garrison, to her ERISA claims.

## II.     Legal Standards

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading once as a matter of course (1) within 21 days after serving it or (2) within 21 days after

---

[2]Plaintiff alleges that Drayton converted the employee benefit proceeds to her own personal use and benefit and that Drayton's claim was fraudulent and amounted to conversion. Plaintiff alleges that ExxonMobil was negligent and that its actions also amounted to conversion.

[3]ECF No. 1.

[4]ECF No. 13 (Defendant Anita L. Drayton Wood's Motion to Dismiss); ECF No. 15 (Defendant ExxonMobil Corporation's Motion to Dismiss).

[5]ECF No. 23.

[6]ECF No. 30.

[7]ECF No. 37. Upon filing her second motion for leave to amend, the Court entered an order denying as moot Plaintiff's first motion for leave to amend. *See* ECF No. 38.

a responsive pleading or a Rule 12(b), (e), or (f) motion is served.[8] Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[9] Leave to amend is a matter committed to the sound discretion of the district court,[10] and the court "should freely give leave when justice so requires."[11] A district court should refuse leave to amend "only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[12] A proposed amendment is futile if the amended complaint would be subject to dismissal.[13]

The Court also liberally construes the pleadings of a pro se plaintiff.[14] This does not mean, however, that the Court must become an advocate for the pro se plaintiff.[15] Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements."[16]

---

[8] Fed. R. Civ. P. 15(a)(1).

[9] Fed. R. Civ. P. 15(a)(2).

[10] *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[11] Fed. R. Civ. P. 15(a)(2).

[12] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (internal citation omitted).

[13] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[14] *See Jackson v. Integral, Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).

[15] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[16] *Id.*

**III. Analysis**

Plaintiff acknowledges Defendants' motions to dismiss and urges the Court to give her an opportunity to amend her pleading before dismissing her case for failure to state a claim upon which relief can be granted. As drafted, Plaintiff's Second Amended Complaint recognizes that her allegations relating to ExxonMobil's employee savings plan should be framed as ERISA causes of action and that the plan administrator is a proper party defendant.[17] ExxonMobil and Drayton argue that Plaintiff's motion should be denied as futile and they repeat and/or specifically incorporate arguments from their briefs in support of their respective motions to dismiss. While a plaintiff's motion to amend and a defendant's motion to dismiss often have arguments in common, as they do here, they do not share the same legal standard. Thus, even if the case is ultimately disposed of through a renewed motion to dismiss, that does not automatically make amendment futile as a matter of law.

**A.     Futility**

It is well settled that a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it otherwise fails to state a claim.[18] Dismissal of a claim under Rule 12(b)(6) is appropriate only when it appears "beyond a doubt" that a party can prove no set of facts in support of the theory of recovery that would entitle her to relief.[19] The issue before this Court is therefore not whether Plaintiff ultimately will prevail on

---

[17]*See* 29 U.S.C. § 1132(a)(1)(B) (benefits due); 29 U.S.C. § 1132(a)(3) (breach of fiduciary duty); 29 U.S.C. § 1132(c) (penalty for failure to provide copies of plan documents).

[18]*Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995) (citing *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992)).

[19]*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).

her ERISA and intentional tort claims, but whether she is entitled to offer evidence to support her allegations.[20]

### 1. Drayton's Opposition

Drayton argues that Plaintiff's proposed Second Amended Complaint is futile because it does not provide a basis for the Court to exercise personal jurisdiction over Drayton. Drayton has also filed a motion to dismiss Plaintiff's petition for lack of personal jurisdiction.[21] In opposing Plaintiff's motion to amend, Drayton raises a single argument, *i.e.* that Plaintiff has asserted no new factual allegation which would permit the Court to exercise jurisdiction. Drayton incorporates the arguments she made in her memorandum in support of her motion to dismiss and in her reply in further support thereof.[22] Drayton has not articulated a basis for the Court to deny Plaintiff an opportunity to file and serve her Second Amended Complaint. Instead, Drayton asserts that the pleading is futile because the Court lacks jurisdiction and she specifically denies that the proposed Second Amended Complaint asserts relevant new factual allegations. Accordingly, Drayton has not set forth a reason for the Court to deny Plaintiff's motion to amend.

### 2. ExxonMobil's Opposition

ExxonMobil asserts that the marriage between Connington Wood and Defendant Drayton was valid, and that as a consequence Plaintiff's benefits due and fiduciary duty claims (both asserted in Count I) cannot stand as a matter of law. ExxonMobil relies on a telephone call that

---

[20]*See Baumann v. Hall,* No. 98-2126-JWL, 1998 WL 513008, at *1 (D. Kan. July 15, 1998) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

[21]*See* ECF No. 13.

[22]*See* ECF No. 41 at 1-2.

counsel made to the Clerk of Harris County, Texas, as support for the validity of the marriage. In the face of Plaintiff's allegation that Wood was incapable of entering into a valid marriage – an allegation which the Court assumes as true – the Court does not find that a telephone call constitutes dispositive evidence to the contrary.

ExxonMobil also asserts that Plaintiff's claims against it are barred by applicable statutes of limitations and refers the Court to its briefing in support of its motion to dismiss.[23] In general, a cause of action for benefits due under ERISA accrues when an application for benefits is denied.[24] With respect to the benefits due claim in Count I, Plaintiff asserts that she appealed a notice from ExxonMobil dated February 21, 2008 informing her that it intended to award benefits to Drayton, and that she has not received a reply to her appeal. In other words, Plaintiff contends that she has not received a final denial and her claim is therefore timely. Because the issue is one of accrual, it applies to statutes of limitations regardless of their source. Plaintiff's benefit due claim in Count I is therefore not barred by the statutory or contractual limitations periods.

With respect to the breach of fiduciary duty claim, also set forth in Count I, ExxonMobil recognizes that allegations of concealment extend the limitations period to six years.[25] Plaintiff's proposed Second Amended Complaint contains numerous allegations that Defendants concealed information from her.[26] Accordingly, neither is the breach of fiduciary duty claim in Count I

---

[23]*See* ECF No. 26.

[24]*See, e.g., Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197, 1205-06 (10th Cir. 1990).

[25]*See* 29 U.S.C. § 1113.

[26]ECF No. 37-1 ¶¶ 50-57.

6

barred by the statutory limitations period.

Finally, ExxonMobil argues that Plaintiff's claim for damages for failure to provide requested documents (Count II) is a penalty claim and is therefore barred by a borrowed one-year Kansas state statute of limitations.[27] Plaintiff takes issue with ExxonMobil's characterization of her claim for damages under 29 U.S.C. § 1132(c)(1)(B) as an action for statutory penalty, arguing that the claim is governed by the limitation provisions found in 29 U.S.C. § 1113. Plaintiff cites no support for her assertion, however, and courts have rejected the notion that a Section 1132(c)(1)(B) claim is governed by Section 1113.[28]

The Court finds that Count II is subject to the one-year statute of limitations in K.S.A. 60-514. Plaintiff asserts that she requested information from ExxonMobil on October 10, 2007, and again on November 1, 2007. The statute of limitations for a Section 1132(c)(1)(B) claim expired in 2008. Plaintiff filed her lawsuit on September 18, 2013.[29] Accordingly, the Court denies as futile Plaintiff's motion to amend her complaint with respect to the proposed Count II.[30]

### B. Issue Preclusion

ExxonMobil takes issue with certain allegations in Plaintiff's proposed Second Amended

---

[27] *See Palenske v. Westar Energy, Inc.*, Case No. 04-4167-JAR, 2005 WL 2455750, at *2 (D. Kan. October 5, 2005) (finding K.S.A. 60-514 to be most analogous statute of limitations for claim under 29 U.S.C. § 1132(c) for refusal to provide requested information, and citing cases from other district courts applying various states' limitations periods for actions upon a statute assessing a penalty).

[28] *E.g., Meyer v. Phillip Morris, Inc.,* 569 F. Supp. 1510, 1512 (E.D. Mo. 1983).

[29] *See* ECF No. 1-1.

[30] *See* ECF No. 37-1 at 13-14.

Complaint which describe two earlier interpleader lawsuits concerning Connington Wood's employee life insurance policy and benefits under his ExxonMobil pension and disability plans.[31] Plaintiff alleges that the issues in this case are the same as were present in the intervenor lawsuits, and that both lawsuits resulted in an award of benefits in her favor.[32]

ExxonMobil asserts that Plaintiff's allegations about the earlier lawsuits "appear to make a new argument."[33] ExxonMobil identifies the argument as one of issue preclusion and asserts that it does not apply in this case,[34] but ExxonMobil does not articulate how its position relates to or opposes Plaintiff's motion to amend her complaint. Plaintiff is entitled to set forth factual allegations in a complaint without having to precisely set forth her theory or theories of recovery, and she is also permitted to state inconsistent claims.[35] The Court will not prevent a plaintiff, particularly one who is proceeding pro se, from including factual allegations in her pleading which might ultimately be necessary to support a theory of relief.[36] "Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses."[37] The place for

---

[31]*See* proposed Plaintiff's Second Amended Complaint (ECF No. 37-1) at 8-9 ¶¶ 41-49.

[32]*Id.* at 8-9 ¶¶ 42-43, 46-47.

[33]ECF No. 40 at 12.

[34]*Id.* at 12-14.

[35]Fed. R. Civ. P. 8(a), (d)(3).

[36]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (liberally construing pro se pleading means that pleading should be allowed if reasonable reading shows valid claim stated, even if various legal theories confused).

[37]*Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (quoting *Freeman v. Continental Gin Co.,* 381 F.2d 459, 469-70 (5th Cir. 1967).

such precision will be in the pretrial order that ultimately will be entered in this case.[38]

## IV.     Conclusion

For the reasons set forth above, the Court finds that in the interests of justice Plaintiff should be granted leave to amend her Complaint except as to Count II of her proposed Second Amended Complaint. The Court finds that amendment of Count II would be futile. The Court further finds that Plaintiff's motion is timely and that amendment as to all but Count II will not cause Defendants undue prejudice. Accordingly, Plaintiff's motion for leave to amend will be granted in part and denied in part.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint (ECF No. 37) is granted as to all but Count II. In accordance with D. Kan. Rule 15.1(b), Plaintiff shall electronically file and serve her Second Amended Complaint within fourteen (14) days of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have fourteen (14) days from the date of filing of this Order to serve a summons and the Second Amended Complaint on Douglas F. Garrison. Newly added defendant Douglas F. Garrison shall plead in response to Plaintiff's Second Amended Complaint as set forth in Fed. R. Civ. P. 12(a)(1).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint (ECF No. 37) is denied as to Count II.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 27th day of May, 2014.

---

[38]*See Moral v. Hagen*, Case No. 10-2595-KHV, 2013 WL 1660484, at *7 (D. Kan. April 17, 2013) (pretrial order controls course of action and finalizes claims, issues, defenses, and theories of damages).

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge