#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ISOKE N. JENKINS-DYER,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ANITA L. DRAYTON WOOD,  )<br>EXXON MOBIL CORP., and  )<br>DOUGLAS F. GARRISON,  )<br>)<br>Defendants.  )<br>)<br>_____)  | Case No. 13-CV-2489-JAR |

#### MEMORANDUM AND ORDER

Plaintiff Isoke N. Jenkins-Dyer, filed this *pro se* action against Defendants Anita L. Drayton Wood, Exxon Mobil Corp. ("Exxon"), and Douglas Garrison, alleging breach of fiduciary duty against Exxon and fraud against Drayton Wood and requesting proceeds from an employee savings plan administered under ERISA. Before the Court are various pending motions in the case.

Plaintiff initiated this action in state court, and Defendant Exxon removed the action to this Court.[1] Defendants Exxon and Wood filed motions to dismiss,[2] and Plaintiff sought leave to amend her complaint.[3] Before Plaintiff's request for leave to amend her complaint was granted, Plaintiff filed a motion for summary judgment,[4] citing to her state court petition and a previous

---

[1] Doc. 1 (Notice of Removal filed 9/18/2013).

[2] Docs. 13, 15.

[3] Doc. 23 (Motion for Leave to Amend Complaint filed 12/4/2013).

[4] Doc. 30 (Motion for Summary Judgment filed 1/9/2014).

interpleader action,[5] and filed a second motion for leave to amend her complaint.[6] The Magistrate Judge found the first motion to amend moot in light of the second motion, and entered a Memorandum and Order granting in part and denying in part Plaintiff's second motion for leave to amend her complaint.[7]

Plaintiff filed her Second Amended Complaint on May 30, 2014.[8] Defendants then filed motions to dismiss Plaintiff's Second Amended Complaint.[9] The Court held that the previous motions to dismiss the original complaint were moot.[10] Defendants have filed a joint motion for extension of time to respond to Plaintiff's summary judgment motion,[11] asking that they not be required to respond to Plaintiff's summary judgment motion until twenty-one days after the Court rules on all pending motions to dismiss. Plaintiff opposes the motion for extension of time, and has filed a motion to strike Defendants' motions to dismiss the Second Amended Complaint.[12] Plaintiff has also filed motions for leave to file sur-replies in opposition to Defendants' motions to dismiss.[13]

---

[5] D. Kan. Case No. 08-2129-KHV.

[6] Doc. 37 (Second Motion for Leave to Amend Complaint filed 2/24/2014).

[7] Doc. 47 (Memorandum and Order entered 5/27/2014).

[8] Doc. 48.

[9] Docs. 53, 55 and 58.

[10] Doc. 63.

[11] Doc. 57.

[12] Doc. 59.

[13] Docs. 72, 74.

2

### I. Plaintiff's Motion for Summary Judgment

Plaintiff's Motion for Summary Judgment was filed on January 9, 2014, prior to her filing her Second Amended Complaint. Defendants have not filed answers in this case, have not responded to the motion for summary judgment, and have filed a joint motion seeking an extension of time to respond to Plaintiff's motion for summary judgment. In light of the posture of this case and the pending motions to dismiss, the Court finds that Plaintiff's motion for summary judgment should be denied at this time without prejudice. If Plaintiff's claims survive this latest round of motions to dismiss, she may refile her summary judgment motion with proper citations to the Second Amended Complaint. There is no dispositive motion deadline set in this case. The Court's ruling renders the Defendants' joint motion for extension of time to respond to the motion for summary judgment moot.

### II. Motion to Strike

Plaintiff seeks to strike Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(f), arguing that the defenses stated by Defendants are "insufficient, redundant, immaterial and impertinent."[14] Rule 12(f) provides that the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[15]

Plaintiff argues that the motions to dismiss her Second Amended Complaint are "based upon arguments previously made and ruled upon, upon arguments which Defendants' [sic] failed to raise in their earlier Motions to Dismiss although those arguments were available then, and upon groundless arguments contradicted by them in their own Memoranda." Plaintiff then states

---

[14] Doc. 59 at 1.

[15] Fed. R. Civ. P. 12(f).

that she is incorporating the arguments made in her responses to the pending motions to dismiss.[16] Lastly, Plaintiff argues that the Court should strike the motions to dismiss for failure to attach the Memorandum in Support of the motions.

Plaintiff argues that the Court should strike the motions to dismiss because they are either based upon arguments previously made and ruled upon in an earlier motion to dismiss or arguments that they failed to make in those same motions. The Court denied the prior motions to dismiss as moot because they were based upon the allegations in Plaintiff's first Complaint.[17] Plaintiff has since filed a Second Amended Complaint[18] and the current motions seek dismissal of the Second Amended Complaint. Plaintiff also states that the motion should be stricken for the reasons stated in her response to motions before the court. A party's opposition to the arguments made in a dispositive motion is not an appropriate ground for striking. A response, which Plaintiff has provided, is the appropriate avenue to challenge the arguments in the motions currently pending before the Court. Finally, Plaintiff argues that the motion should be stricken for Defendants' failure to attach a brief to support the motion. Defendant Exxon filed a separate brief to support its motion.[19] Defendant Garrison incorporated the arguments from Exxon's brief into its motion.[20] Accordingly, the Court declines to strike Defendants' motions to dismiss.

### III.   Plaintiff's Motions to File Sur-replies

---

[16] Doc. 59 at 2.

[17] *See* Doc. 63.

[18] *See* Doc. 48.

[19] Doc. 54.

[20] Doc. 58 at 2.

Plaintiff claims that Defendants' replies to their motions to dismiss include "mischaracterizations and misstatements of facts and legal authorities."[21]  Plaintiff's motions for leave to file sur-replies are governed by D. Kan. Rule 15.1.  Under that rule, a party seeking leave to file is to attach its proposed filing to the motion for the Court's review.  Plaintiff has instead filed her proposed sur-replies.[22]  The Court is mindful that "if the court relies on new materials or new arguments in a reply brief, it may not forbid the nonmovant from responding to those new materials."[23]  The language challenged by Plaintiff consists of either Defendants' arguments or summaries of Plaintiff's response brief arguments and it does not appear as though Defendants have raised new factual materials or arguments in their reply briefs sufficient to necessitate a sur-reply.  However, it appears as though Plaintiff has cited new authorities and made new arguments in her filed sur-replies.  Defendants have in turn responded to these arguments in their Memorandums in Opposition to the motions for leave to file sur-replies.  The Court is cognizant of Plaintiff's *pro se* status and the convoluted procedural history of this case.  Accordingly, the Court will allow Plaintiff leave to file the sur-replies, and will also consider Defendants' responses.  No further briefing will be allowed with regard to the pending motions to dismiss (Docs. 53, 55 and 58) and the Court now considers these pending motions to dismiss under advisement.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for

---

[21]Doc. 72 at 1; Doc. 74 at 1.

[22]Docs. 73 and 75.

[23]*Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006).

Summary Judgment (Doc. 30) is **DENIED WITHOUT PREJUDICE** to refiling as set forth in this Memorandum and Opinion.

**IT IS FURTHER ORDERED BY THE COURT** that Defendants' Joint Motion for Extension of Time to File Responses to Plaintiff's Motion for Summary Judgment (Doc. 57) is **MOOT** and therefore **DENIED**.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion to Strike Defendants Exxon and Garrison's Motions to Dismiss the Second Amended Complaint or, in the Alternative, Objection to Magistrate's Order (Doc. 59) is **DENIED.**

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motions for Leave to File Sur-Reply (Docs. 72 and 74) are **GRANTED**.

**IT IS SO ORDERED.**

Dated: August 28, 2014

                                                     S/ Julie A. Robinson
                                                    JULIE A. ROBINSON
                                                    UNITED STATES DISTRICT JUDGE